PATTEN *v.* UNITED LIFE & ACC. INS. ASS'N.

*(Supreme Court, General Term, First Department.* November 13, 1891.)

1. APPEAL—REVIEW—MATTERS NOT APPARENT ON RECORD—ACTION ON POLICY.

Alleged error in excluding from evidence in an action on a policy a copy of the records of the health department of a city, showing the record of the death of the assured, cannot be considered on appeal where the certificate is not contained in the case on appeal.

2. INSURANCE—ACTION ON POLICY—WITNESSES—ATTENDING PHYSICIAN.

The attending physician of the assured during his last illness is incompetent, under Code Civil Proc. N. Y. § 834, to testify in an action on a policy to any knowledge acquired as such attending physician.

Appeal from circuit court, New York county.

Action by Charlotte W. Patten against the United Life & Accident Insurance Association. The court directed a verdict for the plaintiff, and from judgment thereon defendant appeals. Judgment affirmed.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*H. Wilber,* for appellant. *J. A. Shoudy,* for respondent.

VAN BRUNT, P. J. This action was brought by the plaintiff to recover upon a policy of insurance issued upon the life of one Jarvis Patten for the benefit of the plaintiff. The plaintiff alleged performance of all the requirements of the policy, which was denied by the defendant, it alleging failure to make a payment which fell due on the 16th of April, whereby, under the conditions of the policy, it lapsed and became void, and that to induce the defendant to reinstate Patten he certified in writing, by a certificate dated April 19, 1888, and received by the defendant on April 23, 1888, that he was in good health. He died on the 16th of May following, and it was claimed that the statement made by the decedent in said certificate in respect to his health at that time was untrue. To sustain this issue the defendant offered in evidence an exemplified copy of the records of the health department of the city of Washington, showing the record of the death of Jarvis Patten. This was objected to by the plaintiff, the objection sustained, and an exception duly taken by the defendant. The defendant also offered in evidence the testimony of Dr. George N. Perry, taken on commission duly issued and returned. To certain interrogatories the plaintiff's objections were sustained, and the exception of the defendant was duly taken. Upon the conclusion of the trial the court directed a verdict for the plaintiff, and from the judgment thereupon entered this appeal is taken. The exceptions to the exclusion of evidence hereinbefore referred to form the sole basis of the appeal. Without passing upon the question of the admissibility of the copy of the record of the health department of the city of Washington for any purpose, it is sufficient to say that no question is presented by the case on appeal upon this point, as the copy of the certificate is not contained in the case, and we cannot say whether or not it contained any matter relevant to the issue presented for trial. The exception to the exclusion of the answers to some of the interrogatories to Dr. Perry presents, perhaps, a more serious question; but upon a consideration of all that appears upon the face of this record it appears that Dr. Perry was the attending physician of the deceased in his last illness; and therefore, under the provisions of the Code, he was not allowed to testify in regard to any knowledge which he acquired as such attending physician.[1] He was asked: "Did you attend Jarvis Patten professionally in his last illness? Did you continue in such attendance upon Jarvis Patten until his death? When were you first applied to in relation to the last illness of Jarvis Patten?

_____

[1] Code Civil Proc. N. Y. § 834, provides that a physician shall not be allowed to disclose as a witness "any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity."

Where did you first see Jarvis Patten concerning his last illness? How many times did you attend him professionally intermediate the time you first saw him in relation to his last illness, as you have testified, and the death of Jarvis Patten?" Some of these interrogatories, perhaps, it might have been proper to allow; but the answers thereto, no matter what they might have been, would in no way have established or tended to establish the defense interposed by the defendant. It may be said that the interrogatory inquiring, "When were you first applied to in relation to the last illness of Patten?" might have shown that at the time of the giving of the certificate in question the witness was attending him professionally. But that question involved the statement that he was called in relation to the last illness of Patten, and that this was his last illness could only be ascertained by Dr. Perry in his professional capacity in attending upon the patient, and therefore the interrogatory was properly excluded. Upon the whole case there seems to have been no error which was detrimental to the defendants, and the judgment should be affirmed, with costs. All concur.